UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL DOHERTY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-157 |
| | ) | (Varlan/Shirley) |
| CITY OF MARYVILLE, *et al..*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 30] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiffs' Motion to Quash Subpoenas *Duces Tecum* [Doc. 29], filed on April 16, 2008. Defendants filed a response on April 25, 2008 [Doc. 35]. The parties appeared before the undersigned on April 29, 2008 by way of telephone conference. Participating on behalf of Plaintiffs were Attorneys Molly Elkin and Megan Mechak. Participating on behalf of Defendants was Attorney Robert Watson. Also participating were Christopher Conner and Matthew Williams on behalf of Citizens Bank of Blount County "(CBBC"), one of the subpoenaed parties.

On April 3, 2008, Defendants issued a subpoena to CBBC seeking "any and all 'documents' ... drafted, generated, received produced, and/or possessed at any time by [CBBC] ... in reference to Local 4053 and/or Maryville Firefighters Association for use in the case of <u>Michael Doherty *et al.* v. City of Maryville, Tennessee, *et al.*</u>".[1] On April 4, 2008, Defendants issued a

---

[1] The subpoena included a list of documents to which Defendants expected CBBC to produce in compliance with the subpoena.

subpoena to Pinkstaff, Simpson, Hall, and Headrick ("PSH&H"), accountants for Plaintiff Local 4053. Defendants seek similar information and documents from PSH&H,[2] including "tax returns for the years 2004, 2005, 2006, and 2007 [and] statements to the State of Tennessee to maintain charitable organization status".

Plaintiffs move to quash the subpoenas issued to both CBBC and PSH&H. Plaintiffs argue the subpoenas should be quashed since Defendants failed to provide notice to them under Fed.R.Civ.P. 45(b)(1) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party."). Plaintiffs further contend the subpoenas should be quashed since information sought by Defendants is not relevant within the scope of Fed.R.Civ.P. 26; is protected information under the First Amendment rights of Local 4053; and certain categories of documents sought from PSH&H are protected from disclosure by the accountant-client privilege, which Local 4053 asserts. Defendants, in response, argue that the time of disclosure/production has been extended to May 5, 2008 so that any notice issues are moot. Defendants further argue the information sought is relevant as the information requested is needed to ascertain and verify how Plaintiffs calculated its damages. Defendants contend Plaintiffs have not provided sufficient information to support its calculations of damages in this case[3] and the information requested is relevant and reasonably calculated to lead to discoverable information as to the issue of Local 4053's claimed monetary damages. See Fed.R.Civ.P. 26(a)(1)(c).

---

[2]The subpoena included a similar list of documents to which Defendants expected PSH&H to produce in compliance with the subpoena.

[3]Plaintiffs are claiming monetary damages in the amount of $582,510.36.

In regard to Defendants' argument that the information requested from CBBC is relevant to determine how Plaintiffs calculated damages, Plaintiffs contend they have provided sufficient information to Defendants. Plaintiffs advised the Court they created an Excel Spreadsheet from Local 4053's weekly fund-raising reports reflecting money raised during the time they were permitted to engage in fund-raising. Plaintiffs claim this information is sufficient since the only damages Local 4053 is requesting is the difference between the money they raised when they were fund-raising and what they would have raised if they were able to continue with fund-raising without interference up to the trial date.[4] The damages reflect what Local 4053's net income would have been after deducting the cost of fund-raising.

The Court finds Defendants are entitled to more than just an Excel Spreadsheet reflecting Plaintiffs calculation of damages; Defendants should be afforded the opportunity to confirm, review, and verify Plaintiffs calculations and the underlying basis for the monetary figures used. Accordingly, this Court finds Defendants are entitled to information from CBBC which is related to the information reflected in Plaintiffs' Excel Spreadsheet. Therefore, Plaintiffs are **DIRECTED** to produce bank records/documents/financial records from CBBC that relate to their weekly fund-raising reports, including those which were (or may be) used to support the information provided in the Excel Spreadsheet. This would appear to include, at a minimum, any documents evidencing fund-raising deposits and any documents evidencing checks or payments for costs and expenses of the fund-raising (including any checks to FireCo, LLC). Furthermore, this information

---

[4]Plaintiffs counsel orally represented on several occasions that the actual damages being sought by or on behalf of the Union were limited and the only damages the Union was seeking was the net fund-raising proceeds allegedly lost. Upon inquiry by the Court, Plaintiffs are not claiming any damages for any alleged financial inability to fund regular or certain activities, nor for any alleged financial inability to fund communication or other financially "related harm".

must be provided to Defendants in a timely manner so that Defendants are in possession of it prior to any scheduled depositions so defense counsel may ask to appropriate questions regarding damages to Local 4053 officers.

In regard to Defendants' request for Local 4053's tax returns, the Court finds the request "requires the disclosure of privileged or other protected matter". Fed.R.Civ.P. 45(c)(3)(a)(iv); 26 U.S.C. § 6103(a) (2000). Accordingly, Defendants are not entitled to any information from Local 4053's accounting firm, PSH&H.

For the foregoing reasons, Plaintiffs' Motion to Quash Subpoenas *Duces Tecum* **[Doc. 29]** is **GRANTED**. Plaintiffs are **DIRECTED** to provide Defendants with Local 4053's financial information as outlined above in a timely manner, no later than **May 9, 2008.** If after May 9, 2008, Defendants find the information provided by Plaintiffs is not sufficient, then at that time, Defendants may contact the Court for further relief, including seeking authority to issue additional subpoenas. The Court advises both parties, that upon the issuance of subpoenas for production of documents, the parties are to comply with the notice requirements provided for in Fed.R.Civ.P. 45(b)(1) and are to avoid subpoenas that are "form driven" and/or overly broad. Furthermore, the previously scheduled depositions of Michael Doherty and Gary Williamson are rescheduled to **May 19, 2008** to allow Mr. Doherty and Mr. Williamson to attend a work-related training in Maryland the week of May 12, 2008.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge