UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MICHAEL DOHERTY, ALAN HOLMES, and LOCAL 4053, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, | ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No.: | 3:07-cv-157 (VARLAN/SHIRLEY) |
| CITY OF MARYVILLE, | ) ) | | |
| Defendant. | ) | | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiffs' Motion for Equitable Relief [Doc. 104]. Defendant has responded in opposition [Doc. 107] and plaintiffs have filed a reply [Doc. 113]. Thus, this matter is now ripe for determination. The Court has carefully considered the pending motion, along with the parties' briefs and other relevant filings. For the reasons set forth herein, Plaintiffs' Motion for Equitable Relief [Doc. 104] will be granted in part and denied in part.

**I.     Relevant Facts**

Plaintiffs, Michael Doherty, Alan Holmes, and Local 4053, International Association of Firefighters ("MFFA"), brought this action against defendant, the City of Maryville, alleging that defendant retaliated against them for exercising their rights to free speech and freedom of association in violation of the First Amendment. After four days of trial, the jury returned a verdict in favor of each of the plaintiffs, awarding $15,000 in compensatory

damages to Doherty, $7,500 in compensatory damages to Holmes, and $70,000 in compensatory damages to MFFA. Plaintiffs now move for equitable relief.

## II. Analysis

### A. MFFA Has Standing to Request Injunctive Relief

Defendant argues that plaintiff MFFA's motion for equitable relief should be denied because MFFA does not have standing to pursue injunctive relief in this case. Plaintiff responds stating that, as the Court has previously ruled, MFFA has standing to assert violations of its First Amendment rights.

Defendant states that the Court originally "ruled that Plaintiff MFFA did not have standing to maintain any claims in this matter," but later reversed that decision. Defendant asserts that the original ruling was correct. While the Court originally ruled that MFFA's standing was limited, it notes that it never ruled that it could not maintain any claims. Even in the original ruling, the Court recognized that an association can request injunctive relief on behalf of its members for violations of their First Amendment rights. [Doc. 89 (citing *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 553 (1996).]

Additionally, as noted, the Court reconsidered its original ruling on standing in light of case law presented by plaintiffs and determined that MFFA did have standing to pursue First Amendment claims on behalf of its members. The Court believes that this ruling was correct. *Allee v. Medrano*, 416 U.S. 802 (1974), states,

> In this case the union has standing as a named plaintiff to raise any of the claims that a member of the union would have standing to raise. Unions may sue under 42 U.S.C. § 1983 as persons deprived of their rights secured by the Constitution and laws, and it has been implicitly recognized that protected First Amendment rights flow to unions as well as to their members and organizers.

*Id.* at 819 n.13 (internal citations omitted). Citing *Allee*, the Sixth Circuit held that a teacher's union had standing to sue for a violations of its members' constitutional rights and further explained, "Since a union can act only through its members, actions by state or local officials which allegedly deny the constitutional rights of its members impede equally the rights of the union." *Memphis Am. Fed. of Teachers v. Bd. of Educ.*, 534 F.2d 699, 702 (6th Cir. 1976). Accordingly, the Court finds that MFFA has standing to pursue injunctive relief.

### B. Waiver of Right to Equitable Relief

Defendant argues that plaintiffs failed to seek equitable relief in the final pretrial order, and that this failure constitutes waiver of the issue. Plaintiffs argue that they never waived or abandoned their request for injunctive relief. Plaintiffs apparently base their argument on the fact that they discussed their request for equitable relief at the final pretrial conference, which occurred after the Final Pretrial Order was submitted and entered. Plaintiffs also note that at the time the Final Pretrial Order was submitted and entered, the parties' cross-motions for summary judgment were still pending. The Court agrees with defendant that the plaintiffs did not specifically request equitable relief in the pretrial order.

Unless modified, a final pretrial order "controls the course of the action." Fed. R. Civ P. 16(d); *see also Rockwell Int'l. Corp. v. United States*, 549 U.S. 457, 474 (2007). For this reason, "claims, issues, defenses, or theories of damages not included in the pretrial order are

3

waived even if they appeared in the complaint." *Id.* (citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002); *Gregory v. Shelby County*, 220 F.3d 433, 442-43 (6th Cir. 2000) ("[A] party's failure to advance a theory of recovery in a pretrial statement constitutes waiver of that theory.").

The court may modify a final pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). "The decision whether to modify the final pretrial order [to include a claim not mentioned] is within the sound discretion of the district court and will be set aside only if the district court abused that discretion." *Daniels v. Bd. of Educ. of Ravenna City Sch. Dist.*, 805 F.2d 203, 210 (6th Cir. 1986). To properly exercise its discretion, the court must consider such factors as: (1) prejudice to the plaintiffs that would result from a failure to modify, (2) prejudice to the defendant that would result from a modification, (3) the impact of a modification on the orderly and efficient conduct of the case, and (4) the degree of willfulness, bad faith, or inexcusable neglect by plaintiffs. *United States v. First Nat'l Bank of Circle*, 675 F.2d 882, 887 (9th Cir. 1981).

The Court finds that a failure to modify the final pretrial order in this case would result in manifest injustice. Although plaintiffs did not explicitly request equitable relief in the pretrial order, they discussed it at the final pretrial conference which was held after the entry of the final pretrial order. From this discussion, it is clear that plaintiffs intended to seek equitable relief and, therefore, a high degree of prejudice to plaintiffs would result if the Court was not to consider such relief in this case. For the same reason, the prejudice faced by defendant would be minimal as defendant was on notice that plaintiffs were continuing

4

to seek equitable relief and defendant did not object to plaintiffs' reference to a request for such at the final pretrial conference. Additionally, because this trial is complete and the issue of equitable relief has been fully briefed by both parties, a modification of the final pretrial order to allow plaintiffs to seek equitable relief will not delay or otherwise hamper the conduct of this case. Finally, there is no evidence of willfulness, bad faith, or inexcusable neglect by plaintiffs. Although plaintiffs were arguably neglectful in failing to state that they were seeking equitable relief in the final pretrial order, because of the unusual fact that cross-motions for summary judgment were pending at the time the final pretrial order was entered, the Court finds this failure excusable.

Accordingly, the Court will modify the final pretrial order to reflect plaintiffs' request for equitable relief in order to prevent manifest injustice.

### C. Injunctive Relief

The jury determined that defendant retaliated against plaintiffs for exercising their First Amendment freedom of speech and/or association rights. Plaintiffs now request equitable relief in the form of:

> (1) an injunction restraining the City and its representatives from preventing or otherwise interfering with the rights of Maryville Fire Fighters Association, International Association of Fire Fighters Local 4053 ("MFFA") to engage in fundraising activities; (2) an injunction restraining the City and its representatives from preventing or otherwise interfering with the rights of the MFFA to use the names "Maryville Fire Fighters Association" or "International Association of Fire Fighters Local 4053" during future fundraising efforts; (3) an injunction restraining the City and its representatives from issuing reprimands and making threats of discharge and otherwise taking any disciplinary action or engaging in retaliation against the MFFA, and its leaders and members, for engaging in fundraising activities; (4) an injunction ordering the City of Maryville, through the City Manager, to inform all Fire

5

> Department employees and all City Administrative Assistants that: (a) MFFA has the legal right to engage in fundraising activities; (b) MFFA exercised its legal right to engage in fundraising when it hired FireCo, LLC; and (c) MFFA's members and leaders will not experience retaliation or reprisals if MFFA engages in fundraising activities in the future; and (5) expungement of all City of Maryville, Maryville Fire Department, and personnel files regarding the written reprimand issued to Michael D. Doherty on September 22, 2006, and the underlying allegations which led to the written reprimand.

[Doc. 104.]

A party who has established a constitutional violation is entitled to injunctive relief if (1) the failure to issue the injunction is likely to result in continuing irreparable harm and (2) there is no other adequate remedy at law. *United States v. Miami Univ.*, 294 F.3d 797, 816 (6th Cir. 2002); *Dayton Christian Schs., Inc. v. Ohio Civil Rights Comm'n*, 766 F.2d 932, 961 (6th Cir. 1985) (citations omitted), *rev'd on other grounds*, 477 U.S. 619 (1986). "If injunctive relief is proper, it should be no broader than necessary to remedy the harm at issue." *Miami Univ.*, 294 F.3d at 816 (citing *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1069 (6th Cir.1998)).

### 1. Continuing Irreparable Harm

To be entitled to injunctive relief, plaintiffs must first show that a failure to issue an injunction or other equitable relief is likely to result in continuing irreparable harm. The Supreme Court has stated that "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Jones v. Caruso*, 569, F.3d 258, 277 (6th Cir. 2009) (quoting *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir.1994)) ("Violations of

First Amendment rights constitute per se irreparable injury."). However, in order for the court to find irreparable harm to be continuing, future harm cannot be speculative. *Reporters Committee for Freedom of Press v. AT&T Co.*, 593 F.3d 1030, 1068 (D.C. Cir. 1978). Usually plaintiffs must show a pervasive pattern of past violations of their constitutional rights to support the argument that there is a substantial likelihood that their rights will be violated in the future. *Id.* (citing *Allee*, 416 U.S. at 815).

With the exception of expungement of the written reprimand, plaintiffs essentially request that the Court issue an injunction ordering defendant not to unlawfully restrict plaintiffs' rights to free speech and association in the future, something already mandated by the law.[1] Although defendant threatened to take action against Doherty and Holmes on more than one occasion, the Court does not find that there was a pervasive pattern of past violations such that it is likely that future violations will occur, particularly in light of this litigation. To the extent that the requirements of the law were unclear to defendant prior to the litigation of this case, they have been clarified through pretrial proceedings and at trial. The Court finds no evidence in the record to support a finding that defendant is likely to continue to violate plaintiffs' constitutional rights. Accordingly, the Court finds that the failure to issue plaintiffs' first four injunction requests is not likely to result in continuing irreparable harm.

---

[1] To the extent plaintiffs request more relief than this, the Court finds that such requests are broader than necessary, and therefore not appropriate.

Plaintiffs' final request is for expungement of all City of Maryville, Maryville Fire Department, and personnel files regarding the written reprimand issued to Doherty on September 22, 2006, and the underlying allegations which led to the written reprimand. The Court believes that as long as this reprimand remains on file, Doherty faces ongoing irreparable harm as it may impact his opportunities for a promotion or otherwise tarnish his reputation. Having found that failure to expunge the written reprimand from Doherty's personnel file will likely cause continuing irreparable harm, the Court will consider whether there is an adequate remedy at law to address this harm.

### 2. Inadequate Remedy at Law

An injury does not have an adequate remedy at law if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). "However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *Id.* "No remedy at law [can] adequately compensate [plaintiffs] for any physical, psychological, or emotional trauma" caused by a violation. *Kallstrom*, 136 F.3d at 1069. The Sixth Circuit has specifically held that injury to reputation not fully compensable by money damages. *See Miami Univ.*, 294 F.3d at 819; *see also Basicomputer*, 973 F.2d at 511-12 (stating that damages resulting from loss of customer goodwill is difficult to compute and therefore there is no adequate remedy at law).

Because the Court finds that Doherty will face ongoing irreparable harm to his reputation as long as the written reprimand remains in his file, Doherty does not have an

8

adequate remedy at law. Accordingly, the Court will direct that defendant expunge the written reprimand issued to Doherty on September 22, 2006, and the underlying allegations which led to the written reprimand from all City of Maryville, Maryville Fire Department, and personnel files.

**III. Conclusion**

For the reasons stated herein, Plaintiffs' Motion for Equitable Relief [Doc. 104] is hereby **GRANTED in part** to the extent that defendant is **DIRECTED** to expunge the written reprimand issued to Doherty on September 22, 2006, and the underlying allegations which led to the written reprimand from all City of Maryville, Maryville Fire Department, and personnel files and **DENIED in part** in regard to all of plaintiffs' other requested injunctions.

IT IS SO ORDERED.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE