UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL DOHERTY, ALAN HOLMES, and LOCAL 4053, INTERNATIONAL ASSOC. OF FIRE FIGHTERS, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | No. 3:07-CV-157 (VARLAN/SHIRLEY) |
| CITY OF MARYVILLE, TENNESSEE, ) ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 124] referring the Plaintiff's Petition for an Award of Expenses [Doc. 117], to this Court for report and recommendation. This case arises out of fundraising activities undertaken by the Plaintiffs and the Defendant's efforts to stop the fundraising activities. [See Doc. 1]. After a four day trial in February 2009, a Jury Verdict [Doc. 101] was returned in favor of the Plaintiffs, awarding $92,500.00 in damages to the Plaintiffs for violations of their right to free speech under the United States Constitution. [Doc. 101].

The Plaintiffs moved for an award of attorneys' fees [Doc. 105], and on September 30, 2009, the Honorable Thomas A. Varlan, United States District Judge, awarded the Plaintiffs $133,036.25 in attorneys' fees. The Plaintiffs filed a Petition for Award of Expenses Pursuant to 42 U.S.C. § 1988 [Doc. 117][1] on October 28, 2009, which was referred to this Court on November 19, 2009. The

---

[1] Plaintiffs seek a total of $25,985.74 in costs and expenses, but this total, as explained below, represents reimbursement sought both under 42 U.S.C. § 1988 and under 28 U.S.C. § 1920. This report

Defendants responded in opposition to the Petition [Doc. 119] on November 18, 2009. Thus, the Petition is now ripe for adjudication. For the reasons, more fully explained below the Court **RECOMMENDS** that the Petition **[Doc. 117]** be **GRANTED IN PART** and **DENIED IN PART**.

**I.     ANALYSIS**

The Plaintiffs request costs and expenses that fall into two categories: (1) expenses recoverable under 42 U.S.C. § 1988 and (2) costs recoverable under 28 U.S.C. § 1920. The Defendant has lodged objections to the Plaintiffs' requests in each of these categories. [Doc. 119]. The Court will address each of the categories in turn.[2]

**A.     Expenses Recoverable Under 42 U.S.C. § 1988**

In distinguishing between the types of costs and expenses that a plaintiff can recover, the Court of Appeals for the Sixth Circuit described the expenses recoverable under 42 U.S.C. § 1988 as follows:

> Some expenses are included in the concept of attorney's fees, as "incidental and necessary expenses incurred in furnishing effective and competent representation," and thus are authorized by section 1988. See remarks of Congressman Drinan, 122 Cong. Rec. H12160 (daily ed. 1 Oct. 1976), Beazer v. New York City Transit Authority, 558 F.2d 97 (2d Cir. 1977), Rev'd on other grounds, 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979). The authority granted in section 1988 to award a "reasonable attorney's fee" included the authority to award those reasonable out-of-pocket expenses incurred by the

---

and recommendation makes findings only on those costs that fall exclusively within the domain of § 1988, because expenses under § 1920 must first be addressed by the Clerk of Court, see infra at 10-11.

[2]As an introductory and prefatory remark and finding, the Court notes that the Plaintiffs have propounded on the Court a veritable "document dump." The Plaintiffs have submitted just shy of two hundred pages of receipts, invoices, and expense reports, [Docs. 117-2 through 117-15]. The documents are not accompanied by charts or any type of overarching organization by attorney or date. Thus, the Plaintiffs have left it to the Court to reconstruct what attorneys incurred which expenses in relation to what work and for what hearing or other event travel or meals might have been required. Despite this lack of meaningful organization, the Court has reviewed the entirety of the documentation.

> attorney which are normally charged to a fee-paying client, in the course of providing legal services. Reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable pursuant to the statutory authority of s 1988.

Northcross v. Bd. of Educ. of Memphis City Schools, 611 F.2d 624, 639 (6th Cir. 1979). In the thirty years that have passed since the Court of Appeals' description, the expenses which are "incurred in furnishing effective and competent representation" have changed and expanded. However, the general rule remains the same in that, "[a]n attorney's fee under § 1988 includes those expenses that are incurred in order for the attorney to render his or her legal services and that would normally be charged to a fee-paying client." Cleveland Area Bd. of Realtors v. City of Euclid, 965 F.Supp. 1017, 1023 (N.D. Ohio 1997).

As to the Plaintiffs' requested expenses under § 1988, the Court finds as follows:

*1.    Travel Expenses*

The Plaintiffs requests $14,989.11 in travel expenses. The Plaintiffs state that out-of-state counsel limited their travel to Knoxville, planned ahead for such travel, and only rented automobiles when necessary, in order to defray these travel expenses. [Doc. 117 at 3]. The Plaintiffs have provided thorough documentation of the expenses requested, [see Docs. 117-14]. The Defendant maintains that the travel expenses requested are a flagrantly abusive and demonstrate a failure to mitigate. [Doc. 119 at 6].

The Plaintiffs have done little to aid the Court's review of their travel expenses. Ms. Jeanne Owen states, "The costs of counsel's travel, as well as expenses associated therewith, including hotel bills, food expenses, and incidentals, totaled $14,989.11. Records for counsel's travel and related expenses are attached hereto as Exhibit M." [Doc. 117-1 at 4 (emphasis removed)]. Exhibit

M is seventy-one pages of receipts and expense reports, which provide no means for comparing an attorney's attendance to another attorney's attendance or to the record of hearings in this matter.

Nonetheless, having reviewed the documents, the Court finds, first, that § 1988 does not afford Plaintiffs' counsel the luxury of consistently eating at the most expensive restaurants in Knoxville– e.g. bill at Koi for $34 [Doc. 117-14 at 18] and again for $59 [Doc. 117-14 at 20], bill at Oodles for $26 [Doc. 117-14 at 20], bill at Café 4 for $52.28 [Doc. 117-14 at 44], etc. Especially, when the Plaintiffs have not supplied any evidence that these seemingly exorbitant tabs were for more than one attorney.

Moreover, there is no explanation for purchasing tickets that far exceed typical flight costs—e.g. $835.00 ticket from Washington D.C. to Knoxville booked just over a week before departure [Doc. 117-14 at 26]. The Plaintiffs simply state that they tried to plan in advance and that the costs of their fares were increased by the lack of competition amongst airlines servicing Knoxville, Tennessee. The Court's search of Kayak.com for Monday through Friday travel booked a month in advance revealed similar tickets at one third of the cost– e.g. Airtran flight from Baltimore to Knoxville (direct) for $321.00, Delta flight from Reagan-National Airport to Knoxville (direct) for $342. In the absence of further explanation—i.e., "Counsel was required to attend a deposition on short notice due to an expert's very limited availability."— the Court finds the Plaintiffs' requested airfare is unreasonably expensive, even taking into account the somewhat limited service available in Knoxville.

In addition, the Hilton Hotel in Knoxville is attached to its parking lot, and Knoxville's downtown is full of relatively cheap, accessible parking. In a downtown of less than twenty square blocks, there is little reason for valet parking, e.g. Doc. 117-14 at 7, especially when one is paying

4

a premium to stay at a hotel located just two blocks from the courthouse.

Finally, an in-room movie, at a cost of $13.10, simply is not an "incidental and necessary expense[] incurred in furnishing effective and competent representation," Northcross, 611 F.2d at 639.

These are just a few examples of a pattern that the Court can only describe as indulgent. The Court finds that the travel expenses as requested are not reasonable, and the Court recommends that the request be **REDUCED**, by just over fifty percent, for an award of **$7,000.00,** in travel expenses. The Court is well-acquainted with the cost of travel and the cost of food and transportation in and around Knoxville, Tennessee. In this case, the Court finds that an award of $7,000.00 represents a reasonable amount of travel expenses for a four day jury trial and its preparation, including taking of depositions, addressing pretrial motions, and other incidental travel.

2.   *Electronic Research*

The Plaintiffs request $1,010.05 for electronic research conducted from March 1, 2007, to February 24, 2009. Though the Court of Appeals for the Sixth Circuit has not yet ruled on whether electronic legal research is recoverable under § 1988, other circuit courts and district courts within this Circuit have awarded the costs associated with computerized research. See Say v. Adams, 2009 WL 804994, at *7 (W.D. Ky. Mar. 25, 2009).

The Plaintiffs have explained counsel's pro rata system for billing such research, along with receipts from the provider LexisNexis. The Court has reviewed this evidence, and has considered the Defendant's objections thereto. The Court finds the Plaintiff's request for **$1,010.05** for electronic research to be reasonable and recommends that the Defendant's objections to this request be **OVERRULED**.

*3.      Telephone Charges*

The Plaintiffs request $530.19 for long distance telephone calls made in connection with this case. The Court of Appeals for the Sixth Circuit has held that reasonable telephone costs may be recovered under § 1988. Sigley v. Kuhn, 205 F.3d 1341, at *9 (Table) (6th Cir. Jan. 31, 2000).

The Plaintiffs, via Ms. Owen, state that counsel for the Plaintiffs assign each of their cases a unique identifier number to track telephone expenses, and counsel has divided cellular phone expenses pro rata to represent the portion of the telephone's usage attributable to various cases. The Defendant has not directed the Court to any telephone charges to which it specifically objects nor has it lodged any direct objections to the Plaintiffs' pro rata calculations. It has merely objected in broadly that "[d]istrict [c]ourts have previously exercised their discretion in denying compensation for expenses for longs [sic] distance telephone calls." [Doc. 119 at 9].

After reviewing the long distance records, the Court finds that the request for **$530.19** is reasonable. The Court recommends that the Defendant's objections to the long distance telephone expenses request be **OVERRULED**.

However, the Plaintiffs have not supplied any final, total figure for their request for reimbursement of pro rata cellular service. [Doc. 117-1 at 3]. The Court does not take issue with the pro rata system, but because the Plaintiffs have not calculated a total figure and supplied it to the Court, the Court recommends that any request for cellular phone reimbursement be **DENIED**.

Thus, the Court recommends a total telephone service, both cellular and long distance, of **$530.19**.

*4. Trial Director Software*

The Plaintiffs request $119.00 to compensate for the purchase of trial director software. The Plaintiffs have attached a receipt for the software which describes the purchase as "Annual Maintenance." [Doc. 117-15]. A record-keeper at counsel's office has marked the check number and coded the expense to "misc." This software appears to be used in many of counsel's cases, and thus, should not be reimbursed as a cost, see Cleveland Area Bd. of Realtors, 965 F. Supp. at 1023 ("Routine expenses which are incorporated into attorneys' rates as routine office overhead are not recoverable, however.")

But most importantly, the representation that this charge was incurred in connection with the trial of this matter is, at best, a negligent misrepresentation, because the "Renewal Notice," provided reflects a renewal period of February 20, 2009 continuing through February 19, 2010. [Doc. 117-15]. The trial of this matter took place February 9 through 12, 2009, before the software in the documentary evidence supplied by the Plaintiffs was purchased/renewed.

Because the Court finds that the trial software was meant to be a miscellaneous office expense and because the software, for which the Plaintiff's have supplied a receipt, could not have been used at the trial of this matter, the Court recommends that the request for an award of $119.00 for trial director software be **DENIED**.

*5. Postage/Shipping*

The Plaintiffs request $86.45 in postage expenses and $786.83 in Federal Express shipping expenses, for a total of $873.28 in postage and shipping costs. The Plaintiffs direct the Court to the Court of Appeals' holding in Northcross v. Board of Education of Memphis City Schools, in support of this request, but the court in Northcross stated only that "[r]easonable photocopying,

7

paralegal expenses, and travel and telephone costs are . . . recoverable pursuant to the statutory authority of § 1988." 611 F.2d at 639. Nonetheless, the case law on this point supports an interpretation that postage costs, if reasonable, are recoverable under § 1988. E.g., Cleveland Area Bd. of Realtors, 965 F. Supp. at 1024.

As stated above the evidentiary support for these amounts is composed of unsorted receipts and reports. In the postage records, the postage fees connected to this case are indicated by the case's name and/or number being marked by the postage used. The Court has reviewed the postage records, finds the request for postage to be reasonable, and recommends that the Defendant's objections be **OVERRULED**.

The Federal Express records use a similar identification system, and thus, the Court is able to, with some sorting, find the packages that were sent in relation to this case. However, the Court is left with only dates, prices, and addresses for the packages sent. The Plaintiffs offer little explanation as to why so many packages had to be sent overnight or even priority overnight. For example, on April 24, 2007, counsel in the District of Columbia sent local counsel a package, at a cost of $29.90; given the timing of this package, it is presumably a copy of the Complaint in this matter. [Doc. 117-12 at 1]. The next month a package, which the Court has surmised from its date, contained a *pro hac vice* motion for Plaintiffs' out-of-state counsel was sent standard overnight, at a charge of $15.85. [Doc. 4 at 15].

Counsel made a habit of using Federal Express overnight services in seemingly non-urgent situations, rather than filing electronically[3] or even using certified mail or second or third day

---

[3]See Standing Order entered October 22, 2004 by the District Judges of the Eastern District of Tennessee (directing that documents be filed electronically absent a showing of good cause).

delivery— see, e.g., May 3, 2007, and May 23, 2007, sending, presumably,[4] a request for a certificate of good standing to the District Court for the Southern District of New York standard overnight with a priority overnight return envelope at a cost of approximately $30.00 [Doc. 117-12 at 2 and 5]; March 25, 2008, presumably, *Pro Hac Vice* Motion by Megan K. Mechak sent priority overnight to Clerk of Court at a cost of $25.23 [Doc. 117-12 at 8, compare Doc. 22]; April 7, 2008, sending, presumably, the *Pro Hac Vice Motion* of Molly Elkin priority overnight to the Clerk of Court at a cost of $20.4_[5] [Doc. 117-12 at 9, compare Doc. 23]; and August 12, 2008, presumably, *Pro Hac Vice* Motion of Douglas L. Steele sent priority overnight to the Clerk of Court at a cost of $24.63 [Doc. 117-12 at 13, compare Doc. 77].

Moreover, counsel appears to have shipped the entirety of their trial preparation materials to themselves, in Knoxville, via overnight service—e.g., January 30, 2009, shipment from Woodley and McGillivary to Molly Elkin at Knoxville Hilton, at cost of $97.81, and January 31, 2009, shipment, via priority overnight service, from Woodley and McGillivary to Molly Elkin at Knoxville Hilton, at cost of $956.08. The Plaintiffs are clearly not seeking reimbursement for some of these costs, as the sum of these costs would exceed the total shipping request, but because the Plaintiffs have simply supplied the Court with its receipts from Federal Express without further explanation, the Court cannot determine for which costs or at what discount the Plaintiffs seek reimbursement.

---

[4]See Doc. 7, Motion to Appear *Pro Hac Vice*, with certificate of good standing from the Southern District of New York, filed May 24, 2010.

[5]Copies supplied by Plaintiff cut off the last digit of this figure.

Having reviewed the invoices supplied by the Plaintiffs, the Court finds that the Plaintiffs' use of overnight services was excessive. Moreover, the documentation supplied does not allow the Court to determine the costs for which the Plaintiffs are seeking reimbursement. The Court recommends that the Plaintiffs' request be **DENIED**, because the costs evidenced are excessive and the evidence presented is incomplete. Accordingly, the Court recommends that the Plaintiffs's award of shipping and postage costs be **REDUCED** to **$86.45**, to reflect reimbursement only for postage costs.

**B.     Costs Recoverable Under 28 U.S.C. § 1920**

Rule 54(d) of the Federal Rules of Civil Procedure directs that costs, other than attorney's fees should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Costs recoverable under Rule 54(d) are specified in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) [Certain docket fees; and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

>       interpretation services . . . .

In the Eastern District of Tennessee, the Clerk of Court is charged with assessing these costs after a Bill of Costs has been properly filed. <u>See</u> E.D. Tenn. L.R. 54.1.

A Bill of Costs [Doc. 116] has been filed in this case [Doc. 116], and the Court will allow the Clerk to determine the costs properly assessed in this case. The Plaintiffs' Petition includes an alternative pleading, that if these expenses are not awarded by the Clerk in the Bill of Costs decision, they should be awarded by the Court as expenses. [Doc. 117 at 1, n. 1]. As District Judge Varlan explained in his previous Order, "Only after the Clerk of Court has made a final determination of allowable costs pursuant to the Local Rule does the Court, on motion, review any objections to the Clerk's final determination." [Doc. 115 at 24]. It appearing that the Clerk has not made a final determination, the undersigned recommends that the Clerk of Court be **DIRECTED** to make a final determination forthwith.

## III. CONCLUSION

In sum, the Court **RECOMMENDS**[6] that:

1. The Plaintiffs' Petition for Award of Expenses Pursuant to 42 U.S.C. § 1988 be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **RECOMMENDS** an award of **$8,626.69**, representing the following:

   | **Expense** | **Amount Awarded** |
   |---|---|
   | Travel Expenses | $ 7,000.00 |
   | Electronic Research | $ 1,010.05 |
   | Telephone Charges | $ 530.19 |
   | Trial Director Software | $ 0.00 |
   | Postage | $ 86.45 |
   | Federal Express Charges | $ 0.00 |
   | **Total**: | $ 8,626.69 |

2. The Clerk of Court be **DIRECTED** to make a final determination of allowable costs—including the filing fee, any *pro hac vice* fees, service and subpoena fees and expenses, electronic filing fees, photocopying fees, and transcripts—pursuant to the Local Rules and 28 U.S.C. § 1920.

   Respectfully Submitted,

   s/ C. Clifford Shirley, Jr.
   United States Magistrate Judge

---

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).